### JONES v. MOBILE & OHIO RAILROAD COMPANY.

[72 South. 1009.]

CARRIERS. *Ejection of passenger. Demand for fare.*

> Where an ignorant negro woman boarded a railroad train with an order for a ticket sent her by her husband which resembled a ticket and which she ignorantly believed to be a ticket was put off by the conductor after taking up the order and without first demanding that she pay her fare or get off at a station and buy a ticket, the railroad company was liable in damages, since she was a passenger acting in good faith.

Appeal from the circuit court of Monroe county.

Hon. Claude Clayton, Judge.

Suit by Betty Jones against the Mobile & Ohio Railroad Company. From a judgment for defendant on a peremptory instruction, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

We desire to answer only the case cited by counsel in his brief, to wit: *Broyles* v. *Central of Ga., R. R. Co.,* 52 So. 81. This case does not touch the case at bar side, edge, or bottom. In the Broyles case the plaintiff was held to be a trespasser on the train on account of the reason that she obtained passage by fraud in riding on a pass issued to some other party. In the case at bar appellant was rightfully on the train under contract for passage for which she had paid the sum of four dollars and eighty-five cents; certainly no fraud can be laid at the door of appellant. Appellant was not a trespasser and the Alabama, case cited is not in point.

Counsel state in their supplemental brief on page 2 that under this Broyles case "it was her duty to offer to pay whether demanded of her by the conductor or not." This certainly was not the holding of the court in that case. But on the contrary it is decided that: "Where a person boards a train with money sufficient to pay his fare, it will be presumed that he intends to pay his fare until his fare is demanded . . . but after demand is made, and he has the opportunity of paying and, he fails to do so, the presumption ceases unless some good excuse is shown for not then paying." This quotation is found on page 86 of 52nd Southern Reporter. Counsel then was in error in stating that this case decided the rule that the person must offer to pay the fare, whether demanded of her or not.

The facts in the case at bar show that after this negro woman was permitted to get on the train on account of the negligence of the porter of appellee, that her ex-

planation was made and was not accepted, the conductor did not demand a cash fare, but on the contrary gave her no opportunity of paying a cash fare, and sent his porter into the negro car in which the appellant was riding and told her peremptorily to get off of the train.

Counsel for appellee contend that this court must be governed by the Alabama law in deciding this case. This point was not raised in the trial court and was not raised by counsel in this court until he filed his supplemental brief. But if that be the correct rule, we then say that the Alabama law is stronger for appellant than the Mississippi law and we desire to call the court's attention to two cases from Alabama, to wit: *Robertson* v. *L. & N. R. R. Co.*, 37 So. 831; *L. & N. R. R. Co.* v. *Cannon*, 48 So. 64.

These two cases are strong authority for us to the effect that the appellee is liable for the negligence of the porter in permitting and directing the appellant to get on the train without having a ticket. We desire to quote one passage from the *Robertson case,* supra, as follows to wit, from the syllabi:

"A passenger who sustains damages by reason of having been directed by the carrier's employees to take the wrong car, is entitled to recover whether or not the act of the employees was negligent, inadvertant, wilful, knowing or malicious; . . . The passenger may rely on a direction of trainmen as to the proper car to be taken and is not chargeable with contributory negligence for following that direction, although a mistake resulting therefrom might have been avoided by making other inquiries or taking other. steps of that nature."

In the Robertson case the passenger was misdirected by the flagman. In the case at bar the appellant, who had contracted for passenger was misdirected and misinformed by the porter. We submit there is no difference between the Robertson case and the case at bar.

We submit that the case should be reversed and remanded.

*J. M. Boone,* for appellee.

Since writing the original brief for the appellee in this case we have come across the case of *Broyles* v. *Central of Georgia Railroad Co.,* 166 Ala. 616, 52 So. 81; 139 American State Reports, 50. This Broyles case was decided by the supreme court of Alabama in February, 1910, and I will quote from the case as it is reported in 139 American State Reports, 50.

The plaintiff in the Broyles case was riding on a pass that was issued to another party, and the conductor supposing her to be the party whose name was written in the pass, accepted the pass for her transportation and recognized and carried her on his train as a passenger. A wreck occurred on the train and this plaintiff was injured before she reached her destination, in the said wreck; and she brought suit for personal injuries sustained on account of the wreck.

One of the pleas of the defendant in that case was that she was riding on a pass not issued to her, and therefore she was not eentitled to ride, and was a trespasser, and the railroad company owed her no duty save not to wantonly or wilfully injure her.

While the plaintiff was testifying for herself she was asked by her attorney: ''I will ask you if you had money to pay your fare if it had been demanded?'' which question was objected to by the defendant and the objection sustained by the lower court, and the action of the court below was sustained and affirmed by the supreme court.

She was further asked by her attorney: ''I will ask you whether or not you would have been willing to have paid your fare if it had been demanded?'' and this question was also objected to by the defendant, and sustained by the court, and affirmed by the supreme court—as is shown on page 55 of 139 Amer. Sta. Rep.

This disposes of the argument made by Counsel for the appellant in their brief on page 3 thereof, as follows: ''The record affirmatively shows that the conductor gave her no opportunity to pay cash for her passage;''

and also disposes of the argument on the fourth page of 'appellant's brief, as follows: "From the record in this case this ignorant negress was not allowed even the right to pay her passage after being told she could not make the trip on the ticket she presented." The court evidently clearly holding that it was her duty to offer the money for her cash fare, as the court said:

"Uncommunicated intention or purpose is an inferential fact not capable of direct proof, but must be inferred from facts proven."

In the case at bar no proof was offered by the plaintiff that she had any money at all, or offered any money to the conductor for her cash fare. In the Broyles case the plaintiff was permitted to testify that she had money, yet the court said that it was incompetent to show that she would have paid this money if demanded by the conductor, and that it was incompetent for her to show that she would have been willing to pay, for the reason that it was her duty to offer to pay, whether demanded of her by the conductor or not.

On the same page 55, of the 139th Amer. Sta. Rep., it will be seen that plaintiff's attorney also put this question to his client:

"I will ask you whether you supposed or thought when you boarded the car that you had a right to ride on the pass which was held by your mother?" and this question was also objected to by the plaintiff and the objection sustained by the lower court, and the action of the lower court affirmed by the supreme court—the court holding that "uncommunicated thoughts and suppositions cannot be testified to."

And these rulings of the court effectually dispose of the argument by the appellant's counsel in this case, that the plaintiff had a right to be transported upon this order simply because she thought this order was a ticket that would entitle her to ride on this train. The effect of the court's holding in the Broyles case is that the conductor, who is the superior officer in the handling of the passenger train, could not by his mistake confer

upon a person the rights of a passenger, but that the law of the land and the rules and regulations of the company fixed the rights of passengers and established who were passengers.

So that, even if we concede that this plaintiff was on this train by permission of the negro porter, the porter was mistaken in supposing she had a right to ride upon the paper shown him by the plaintiff, and the duty of the conductor was to enforce the rules of the company and the supposed contract which the plaintiff thought she had; as the order on its face expressly provided that it was not good for transportation on trains, and would have been no protection whatever to the conductor if he had accepted it for transportation.

Holden, J., delivered the opinion of the court.

Appellant, Betty Jones, appeals here from a judgment in favor of appellee in the circuit court of Monroe county, where she sued the appellee railway company for damages for being wrongfully ejected from one of its trains.

The record shows the following state of facts testified to in the court below: The appellant, Betty Jones, a negro woman, was in Prattville, Ala., a town on appellee's railway line, and desired to return to her home in Aberdeen, Miss. Her husband in Aberdeen purchased from the agent of appellee at Aberdeen a written order on the agent of appellee at Prattville, Ala., for a ticket for Betty from Prattville to Aberdeen. This order, which required Betty to call on the agent at Prattville and secure a ticket, was sent to her by her husband, and when she received it, being unable to read, thought it was a ticket, and she went to the depot and boarded a passenger train of the appellee for Aberdeen. Before getting on this train she showed this order, which she thought was a ticket, to the colored porter of the train, who was standing at the steps of the car where colored passengers get on, and was told by the porter, after he

had inspected the order, to get on the train. After the train started the conductor came through the train, collecting tickets, and this order was presented to him by the appellant, and he took it, and, after he had finished his other business of collecting tickets, he came back to the appellant and said: "What in the devil do you want to get on here with this thing?" And she replied: "It is sent from Aberdeen; it is a ticket." The conductor kept the order, and when the train was approaching Booth, a small station, the colored porter came into the car where appellant was riding and had her get off at this station. Neither the conductor nor the porter demanded that the appellant pay her fare or get off and secure a ticket. She says that she did not pay any money for passage; that the conductor did not ask for any. She was put off at this little station, where she suffered great inconvenience and discomfort, and had to remain there until the next day. She claims to have had nothing to eat nor water to drink, and suffered otherwise while there at Booth. With this state of facts before the lower court, a peremptory instruction was granted to the railroad company instructing the jury to find for the defendant.

The appellant assigns and urges two grounds for a reversal of the judgment of the lower court: First, that the appellee was guilty of negligence through its porter in permitting and inviting the appellant to get on the train after the porter had inspected the written order which appellant showed to him before she got on; second, that the appellee was guilty of negligence through its agent, the conductor, in wrongfully ejecting the appellant without first demanding her fare and giving her an opportunity to pay for passage after discovering that the written order was not good for transportation. We deem it necessary only to pass on the second proposition.

We have been unable to find any case in our state that expressly decides the point here involved, although

112 Miss.—19

the case of *Railroad Co.* v. *Sanderson,* 99 Miss. 148, 54 So. 885, 46 L. R. A. (N. S.) 352, may be a point by inference. But in *Robson* v. *New York, etc., R. Co.,* 21 Hun (N. Y.) 387, it is held, in a case similar in its facts to the one here, that the conductor "exceeded his authority in putting the plaintiff off without demanding fare, and giving him an opportunity to pay it." This ruling is well sustained by other authorities, and we think that it is reasonable and sound.

This rule is particularly applicable to the case before us here, in view of the facts that the appellant was an ignorant negro woman, traveling alone, her ignorance and inexperience being necessarily apparent to the conductor, and she having gotten upon the train by mistake as to her ticket, and being a passenger thereon acting in good faith; and the conductor, under these circumstances, when he found that the written order, which, as exhibited in this record, looks very much like a railroad coupon ticket, could not be used for transportation, he should have done the reasonable and customary thing of demanding of Betty Jones that she pay her fare or get off and buy a ticket at the next station. The conductor did nothing of this sort, but, after having taken the written order from appellant, and using toward her certain language that is not generally considered exactly proper for a conductor to use toward a passenger, he kept the written order and took it away with him, and afterwards sent the porter in, who had appellant take her bundles and get off the train at a strange place, where she was compelled to undergo considerable discomfort and suffering.

We think that, under the facts and circumstances in this case, the appellant was a passenger acting in good faith, and was wrongfully ejected from the train, for which she had a right of recovery, and the lower court erred in granting the peremptory instruction for the appellee.

*Reversed and remanded.*